NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY JOHNSON, | Hon. Dennis M. Cavanaugh |
| Petitioner, | **OPINION** |
| v. | No. 2:12-CV-03917 (DMC) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of the United States of America ("the Government) to Dismiss the Motion of Petitioner Timothy Johnson ("Petitioner") to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that the Government's Motion to Dismiss is **granted**.

I. BACKGROUND[1]

Prior to incarceration, Petitioner was a member of the "Lex Mob," a street-gang based in Jersey City, New Jersey. On August 30, 1996, Petitioner was sentenced to seven years' imprisonment after pleading guilty to an aggravated-assault charge, but only served until December 9, 1998 before being paroled. Upon his release, Petitioner resumed his criminal activities, and in 2001, he pled guilty in state court to aggravated assault, gun possession, and

---

[1] The facts from this section are taken from the parties' pleadings.

1

other various drug charges. Petitioner was sentenced to five years' imprisonment. On March 1, 2003, while imprisoned on his state court convictions, Petitioner and twenty-seven of his Lex Mob associates were charged federally by criminal Complaint. On April 1, 2002, a one-count superseding indictment charging Petitioner and his associates with racketeering in violation of 18 U.S.C. § 1962 was returned. On April 17, 2004, after a number of pre-trial proceedings, an eight-count superseding indictment was returned that named Petitioner and four other associates. Petitioner was charged in four of the eight counts, which alleged racketeering conspiracy and substantive racketeering in violation of 18 U.S.C. § 1962, cocaine-distribution conspiracy in in violation of 21 U.S.C §§ 841(a)(1), 846, and 861, and murder conspiracy in violation of 18 U.S.C. § 1959(a)(5).

Trial commenced before this Court on October 11, 2005. On October 18, 2005, Petitioner signed a written plea agreement (the "Plea Agreement") and pled guilty before this Court to an Information charging one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Paragraph 11 of the Plea Agreement provided the following:

> Defendant knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence is fifteen years or less credit for time served.

Petitioner's plea hearing took place on October 18, 2005. Petitioner acknowledged in the plea colloquy that: 1) the Assistant United States Attorney correctly stated the Plea Agreement; 2) he read, understood, and voluntarily signed the Plea Agreement; 3) the Plea Agreement did not omit or leave anything out; 4) no one offered him any inducement or made any promise to him to get him to sign the Plea Agreement; 5) neither he nor anyone acting on his behalf made any arrangements concerning the sentence he would receive; 6) no one told him or promised him

that he might be given a specific sentence if he plead guilty; and 7) no one other than his counsel had given him any suggestion, indication, or promise as to what sentence the Court would impose. On March 27, 2006, this Court sentenced Petitioner to fifteen years (180 months), less 46 months credit for time served on the prior state charges.

On March 1, 2012, while incarcerated in Petersburg, Virginia, Petitioner filed a *pro se* petition for a writ of habeas corpus in the Eastern District of Virginia, claiming that the Federal Bureau of Prisons ("BOP") incorrectly computed his sentence. The petition was dismissed without prejudice on March 21, 2012 upon a finding that Petitioner failed to exhaust his administrative remedies through the BOP. Petitioner then filed a notice of appeal and a motion for reconsideration. On April 6, 2012, Petitioner's motion for reconsideration was denied, and on June 8, 2012, the Fourth Circuit dismissed Petitioner's appeal for failure to prosecute pursuant to Local Rule 45. On June 26, 2012, Petition filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant 28 U.S.C. § 2255, again claiming that the BOP incorrectly computed his sentence ("Pet.'s Mot.," ECF No. 1). The Government filed a Motion to Dismiss Petitioner's Petition on January 25, 2013 ("Gov.'s Mot.," ECF No. 7). Petitioner filed a Brief in Opposition on February 5, 2013 ("Pet.'s Opp'n," ECF No. 8).

## II.  **STANDARD OF REVIEW**

The District Court has jurisdiction pursuant to 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." Jurisdiction is also secured pursuant to 28 U.S.C. § 2255, which allows this Court, having imposed a sentence upon Petitioner, to vacate, set aside or correct a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, this Court lacked jurisdiction to impose such sentence,

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

### III. DISCUSSION

The Third Circuit has held that waivers of appeals are valid if they are entered into knowingly and voluntarily. United States v. Khattak, 273 F.3d 557, 562 (3rd Cir. 2001). Further, in United States v. Perry, the Third Circuit found that a waiver of the right to file a collateral attack to a sentence was valid. 142 F. App'x 610, 612 (3rd Cir. 2005). This District has supported the notion that Khattak applies to waivers of the right to collaterally attack a sentence. See Simon v. United States, No. 05-5503, 2006 WL 3534600, at *5 (D.N.J. Dec. 7, 2006) (stating that "Khattak is equally applicable to waivers of the right to collaterally attack a sentence pursuant to section 2255"); Darr v. United States, No. 06-608, 2006 WL 2645119, at *2 (D.N.J. Sept. 14, 2006) (stating that "the logic of Khattak is as applicable [to collateral attacks] as it is to appeals"). The Court in Simon reasoned that, "[t]o hold otherwise would render such a waiver agreement essentially meaningless and would result in a mockery of the judicial system by affording criminal defendants the benefits of plea agreements, while shielding them from their own promises made under such agreements." 2006 WL 3534600, at *5.

In the present case, Petitioner's Plea Agreement clearly states that he waives his right to file any appeal or any collateral attack which challenges his sentence. Petitioner makes no claim that his plea was not knowing or voluntary, and instead argues that the BOP incorrectly calculated his sentence (Pet.'s Mot. at 11). In response to the Government's argument that he waived his right to collaterally attack the sentence, Petitioner states the following: "While the government's Motion to Dismiss correctly states that [Petitioner] waived his right to collaterally

attack his sentence, he is not doing so. He is, instead, collaterally attacking the manner in which the Bureau of Prisons is calculating that sentence" (Pet.'s Opp'n at 3).

Petitioner's argument that his waiver does not apply to his present Motion to Vacate, Set Aside or Correct Sentence is unavailing. Arguing that his sentence was improperly calculated is clearly a collateral attack on the sentence. See Neblett v. United States, No. 05-5172, 2007 WL 3071821, at *2 (D.N.J. Oct. 19, 2007) (stating that the court did not need to address whether the petitioner's sentence was improperly calculated because the petitioner waived his right to file an appeal or collateral attack). Further, regardless of how Petitioner attempts to characterize his collateral attack, he brings it pursuant to 28 U.S.C. § 2255, and thus it clearly falls under Paragraph 11 of his Plea Agreement which states that Petitioner waives his right to file a "motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court" (Gov.'s Mot., Ex. A at 9). Accordingly, the Government's Motion to Dismiss is granted.

## IV.   CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is **granted**. An appropriate order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:      September 2̸6̸, 2013
Original:  Clerk's Office
cc:        Hon. Joseph A. Dickson, U.S.M.J.
           All Counsel of Record
           File